IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00260-WYD-MJW

PAMELA THURMAN; and
GARY THURMAN,

    Plaintiffs,

v.

UNITED AIR LINES, INC.,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal by Defendants filed February 6, 2009. By way of background, this case arises from an accident in which Plaintiff Pamela Thurman alleges she received injuries when, upon exiting a United Airlines airplane, she tripped over a ridge on the jet way caused by a piece of rubber that had torn loose. Plaintiff states in the Amended Complaint that she suffered damages and losses including physician and medical expenses, and future treatment and diagnostic tests. In addition, Plaintiff Gary Thurman claims damages associated with a claim for loss of consortium.

Defendant's Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Defendant asserts therein that the amount in controversy requirement is satisfied. Further, Defendant asserts that Plaintiffs are residents of the

State of Colorado and Defendant is a Delaware corporation and maintains its principal place of business in the State of Illinois.  Thus, Defendant contends that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded based on Defendant's failure to affirmatively establish that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Thus, I turn to the Notice of Removal.  The Notice of Removal fails to allege any specific amount of damages.  While it refers to allegations in the Amended Complaint that Plaintiff Pamela Thurman seeks medical expenses including the cost of future treatment and diagnostic tests, and that Plaintiff Gary Thurman seeks damages associated with loss of consortium, the Notice of Removal does not state the amount of

those medical expenses or claimed damages. Thus, there is no way to determine whether those expenses would satisfy the jurisdictional amount. While Defendant states that it reasonably and in good faith believes that Plaintiffs are seeking to recover an amount exceeding $75,000, exclusive of interest and costs, neither the allegations in the Amended Complaint nor the Notice of Removal affirmatively establish the amount in controversy. *See Laughlin*, 50 F.3d at 873. At this point, a finding that the amount in controversy is satisfied in this case would be pure speculation.

The amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). In finding that Defendant has not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Denver, State of Colorado, from which the case was removed.

Dated: February 17, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge